Day, J.,
 

 dissenting. I cannot concur with the view of the majority. The measure is non-emergent and the court has the power to review the reasons assigned for the declaration of an emergency.
 

 The majority opinion states: “The important question presented is whether this court will or should invade the legislative field and determine whether the amended act complained of constituted an emergency measure subject to passage as such, with immediate effect,”
 

 In the writer’s opinion, the question in this case is not whether the judiciary has a right to invade the legislative field, but whether the Legislature has the power, arbitrarily, to invade the reserved rights of the people to referendum.
 

 The authority extended to the General Assembly to enact laws to go into immediate effect is, by the Ohio Constitution, conditioned by the requirement that they be such as are ‘ ‘ necessary for the immediate preservation of the public peace, health or safety. ’ ’
 

 To safeguard against legislative invasion of the popular right to referendum, the Constitution was not satisfied with merely requiring a declaration of emergency, but expressly provided for a statement of reasons. This requirement was unquestionably intended as a check upon the Legislature to prevent the evil of legislative encroachment upon the right of referendum reserved to the people. This check should not be released by the courts.
 

 Where the Constitution requires a statement of rea
 
 *519
 
 sons for the declaration of an emergency, such requirement, by implication, imposes a limitation upon the power of the Legislature. Where the declaration is not warranted by the reasons assigned, the enactment does not take immediate effect.
 

 Where the Legislature overleaps the bounds of its authority and declares, as it did in the instant case, a non-emergent act emergent, such declaration is not binding upon the courts, but is subject to review.
 

 The opinion of the majority states: “* * * the
 
 Durbin case
 
 * * * offers a typical example of what may occur when courts occupy themselves in matching their judgment against that of.the legislative branch of the government on whether a particular enactment is or is not of an emergency nature.” Does not this same “matching of judgment” take place every time an enactment of the Legislature is reviewed by the courts? If matching of judgment is a thing to be shunned, then no legislative enactment may be reviewed by the courts.
 

 The opinion of the majority states further that: ‘ ‘ The contrary rule would permit a court to step from its bench to the legislative halls and arbitrarily or capriciously override the judgment of the department of government to which the enactment of legislation has been expressly confided by the people. ’ ’
 

 This situation would not necessarily follow from the acceptance of a theory contrary to that embraced by the majority of this court. Were such the case, then every time the court declares’ an enactment invalid it steps from the bench into the legislative halls and substitutes its judgment for that of the Legislature. The consideration of the question whether the Legislature properly uses or arbitrarily abuses its power is not one for the Legislature but for the courts. To hold that the legislative declaration of an emergency is final and conclusive is to rule that the Legislature is the
 
 *520
 
 supreme judge of its own acts; that the Legislature, can leave its legislative halls and step upon the bench to judge the extent of its own authority.
 

 Article II, Section
 
 Id,
 
 of the Ohio Constitution, provides : “Laws providing for tax levies, * * * and emergency laws
 
 necessary
 
 for the
 
 immediate
 
 preservation of the public peace, health and safety, shall go into immediate effect. Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the General Assembly, and the reasons for such
 
 necessity
 
 shall be set forth in one section of the law, which section shall be passed only upon a yea and nay vote, upon a separate roll call thereon. The laws mentioned in this section shall not be a subject to the referendum.” (Italics mine.)
 

 It is important to note the use of the terms “necessary” and “immediate.” Laws, to be emergent, must be “necessary” for the “immediate” preservation of the public peace, health and safety.
 

 The emergency clause in the enactment under consideration reads as follows: “Section 3. This act is hereby declared to be an emergency and necessary for the immediate preservation of the public peace, health and safety.
 

 “The reason for such necessity is that, under the existing law, in case of death of a county commissioner, the appointment is to be made by persons who have no connection with the work of the county commissioners and who, from their training, are not sufficiently qualified to select the successors, and, in the case of the death or resignation of a county commissioner, it would be
 
 beneficial
 
 to the
 
 preservation
 
 of the public peace, health and safety for a successor to be appointed by persons familiar with the work of said county commissioners. Therefore, this act shall go into immediate effect.” (Italics mine.)
 

 
 *521
 
 It will be observed that tbe reasons assigned, on their face, fail to show any necessity for the immediate .preservation of the public peace, health or safety, the statement merely being that “it would be
 
 beneficial
 
 to the preservation of the public peace, health and safety.” (Italics mine.) No reference is made in the statement of the reasons to any necessity or immediacy, both terms being omitted.
 

 Although the act is described as an emergency, the contents do not conform to the description. A wrong is not a right merely because it is labelled “right.”
 

 The majority opinion further states: “-If every member of the court concurring in this decision were of the opinion that the act presently before us is not on its face an emergency measure, that would not alter the situation in the slightest under the rule of our adoption. ’ ’
 

 This, in effect, means that although the enactment be, in fact, not emergent, the court can do nothing about it. In the writer’s opinion, the court is not impotent and the Legislature is not omnipotent. It is not within the legislative power to abuse authority, even in connection with emergency legislation. Where such abuse is manifest on the fáee of the enactment, it is the clear duty of the court to step in and prevent it. It is within the province of the courts to stay the grasping hand of a usurper of the rights of the people.
 

 The Supreme Court of Missouri, expressing disagreement with the view that the-legislative declaration of emergency is -final and binding upon the courts, said: “To the rule in this line of cases we do not agree. The very substance of a constitutional right could be taken from the people by an over-anxious and hostile legislative body. The right here involved is not only constitutional, but one of vital importance and of large proportions. If tire eoiirts cannot view
 
 *522
 
 the whole measure, and from it determine whether or no the law-makers over-stepped the constitutional restrictions, in denying the referendum of the measure by their ukase on the subject of ‘immediate preservation of public peace, health or safety,’ then the constitutional referendums become a farce. It becomes a legislative referendum, rather than a constitutional referendum, because by a mere false declaration as to ‘the peace, health or safety’ every measure could be precluded from the constitutional referendum.”
 
 State, ex rel. Westhues, Pros. Atty.,
 
 v.
 
 Sullivan, Secy. of State,
 
 283 Mo., 546, 224 S. W., 327. See also
 
 State, ex rel. Pollock,
 
 v.
 
 Becker, Secy. of State,
 
 289 Mo., 660, 233 S. W., 641, and
 
 State, ex rel. Brislawn,
 
 v.
 
 Meath,
 
 84 Wash., 302, 147 P., 11.
 

 In the writer’s opinion, emergency legislation, to be constitutionally valid as such, must be real and not fancied; it must state facts showing an actual existing or impending menace to the public peace, health or safety, and mere use of a nomenclature is not sufficient.
 

 The court should have held that it has jurisdiction to question the sufficiency of the reasons assigned for declaring an emergency to exist.
 

 Williams, J., concurs in the dissenting opinion.